William W. Serra, J.
An application is made for resettlement of an order of the court made and entered March 27, 1968, setting aside a verdict of a jury in the Supreme Court, County of Erie, State of New York, received on March 20, 1968. The order directed a new trial of the action. The original order of this court provided in part as follows:
“ Ordered that the verdict of the jury returned the 20th day of March, 1968, be and it hereby is set aside, and it is hereby further
“ Ordered that a new trial of this action be and the same hereby is granted without costs and that this case is to be returned to the calendar and set down for trial on the day calendar.”
This was in confirmation of oral instructions from the bench stated in part as follows: ‘ ‘ Under the circumstances, I think that the verdict is contrary to the weight of evidence, and I will direct that the verdict be set aside and I order a new trial. ’ ’
The order was appealed to the Appellate Division, Fourth Judicial Department and, on February 13, 1969, that court ordered, “ That the order so appealed from be, and the same hereby is unanimously affirmed, with costs.” (31 A D 2d 891.)
*792 Counsel have agreed to submit the application under the continuing authority of the undersigned to dispose of all matters arising during the temporary assignment and waiving all irregularities as to form of the notice.
The language of this court was clear and unequivocal, it was without severance of the action as authorized by CPLR 4404, (subd. [a]). It may not be changed after the appeal (CPLR 4405). The Appellate Division having affirmed the order, it is now the order of the Appellate Division and may not be changed or modified by this court. Further motions are foreclosed at this time by CPLR 4406.
A clear distinction exists between ordering a new trial de novo upon setting aside a verdict as against the weight of evidence and ordering that it be set aside as contrary to the law. (Matter of De Kruyff [MVAIC], 20 A D 2d 775; see, also, 8 Carmody-Wait 2d, New York Practice, § 62:6, n. 18. and cases cited therein.)
Since, therefore, the application for resettlement is not in implementation of the order of the Appellate Division, but rather proposes a change in the order affirmed by and now an order of the Appellate Division, it is beyond the powers of the court and is denied.